UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-258 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

       This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). Plaintiff previously filed multiple unsuccessful claims for DIB and supplemental security income (SSI) benefits, and administrative *res judicata* stemming from those decisions precluded any claim by plaintiff of an onset of disability arising before April 27, 2001. Plaintiff's disability insured status expired on September 30, 2001. Therefore, plaintiff is contesting the Commissioner's decision finding that plaintiff was not disabled during the narrow, closed period of April 27, 2001 through September 30, 2001.

       On July 11, 2001, plaintiff filed the application giving rise to this appeal. (A.R. 889-91). Plaintiff's claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 867). On July 2, 2003, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 1107-1137). On October 17, 2003, the ALJ issued a decision finding

that plaintiff was not disabled during the closed period under review. (A.R. 25-35). The Appeals Council denied review on March 18, 2004 (A.R. 15-18), and the ALJ's decision became the Commissioner's final decision. On April 15, 2004, plaintiff filed his complaint in this court seeking review of the Commissioner's decision denying his DIB claim. Plaintiff's brief sets forth the following "statement of errors" for review:

> I. ADMINISTRATIVE LAW JUDGE, DOUGLAS W. JOHNSON, ERRED IN FAILING TO CONSIDER AND EVALUATE THE ENTIRE MEDICAL RECORD, SPECIFICALLY THE CERVICAL SPINE MRI DATED FEBRUARY 20, 2003 AND THE PSYCHOLOGICAL ASSESSMENTS OF MS. VANSETTER, CSW, ACSW.
>
> II. ADMINISTRATIVE LAW JUDGE, DOUGLAS W. JOHNSON, ERRED IN FINDING THAT THE OBJECTIVE MEDICAL EVIDENCE DID NOT SUPPORT MR. CARPENTER'S ALLEGATION OF INABILITY TO PERFORMED SUSTAINED WORK ACTIVITY, ON OR BEFORE SEPTEMBER 30, 2001.

(Plf. Brief at 1, Statement of Errors, docket # 9). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*,

245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on April 27, 2001, his asserted onset of disability, and continued to meet them through

September 30, 2001, but not thereafter. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that the medical evidence established that plaintiff had the severe impairment of degenerative disc disease of the lumbar spine. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that, "On and before September 30, 2001, the claimant had the residual functional capacity (RFC) to perform the requirements of work except for lifting and/or carrying more than five pounds and working without the opportunity to sit and stand alternatively at his discretion throughout an eight-hour workday." Plaintiff was unable to perform his past relevant work. Plaintiff was 38 years old during the relevant time period. Thus, plaintiff was classified as a younger individual. Plaintiff has a limited education. Plaintiff's work skills were not transferable to activities of other work within his RFC. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 20,000 jobs within the State of Michigan that plaintiff was capable of performing. The ALJ held that this constituted a significant number of jobs. Using Rule 201.25 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 25-35).

**1.**

Plaintiff argues that the ALJ committed error in "failing to consider and evaluate" two documents generated approximately one and one-half years after plaintiff's disability insured status expired: "a cervical spine MRI dated February 20, 2003 and the psychological assessment of Ms.

VanSetters, CSW, ACSW." (Statement of Errors, ¶ I, docket # 9). Upon review, I find that plaintiff's argument is meritless.

Plaintiff's disability insured status expired on September 30, 2001. It was plaintiff's burden on his DIB claim to submit evidence demonstrating that he was disabled prior to the expiration of his disability insured status. *See Moon v. Sullivan*, 923 F.3d 1175, 1182 (6th Cir. 1990); *see also Rooney v. Barnhart*, No. 03-2459, 2004 WL 2490904, at * 2 (6th Cir. Nov. 5, 2004); *Hipps v. Commissioner*, No. 02-6380, 2003 WL 22000289, at * 1 (6th Cir. Aug. 20, 2003). Plaintiff did not submit any medical records corresponding to the closed period in question.

The ALJ noted the absence of evidence supporting plaintiff's purported psychological impairment during the relevant time period, and in particular that plaintiff's counseling sessions with Ms. VanSetters did not begin until February of 2003:

> With respect to his depression, the claimant testified that he began counseling sessions with R. VanSetters, a certified social worker, one year ago and he finds such to be helpful. He stated that although he has been attending counseling for only the last year, he believes he has been depressed ever since he sustained injury to his back almost ten years ago and that such had been progressively worsening prior to his seeking mental health treatment.
> \* \* \*
> During the relevant period of time at issue, April 27, 2001 to September 30, 2001, the record contains no evidence with respect to any treatment sought or received by the claimant for depression, nor do treatment notes of his medical sources indicate that symptoms of depression were observed to warrant a referral for mental health treatment. While the claimant may have experienced depression during these months, with no medication, therapy or counseling utilized by the claimant for any emotional problems during the period from April 27, 2001 to September 30, 2001, the undersigned finds it reasonable to conclude that the claimant did not consider his emotional symptoms to be unmanageable. The evidence of record simply does not document the existence of a mental impairment that imposed any limitation upon the claimant's ability to perform the mental demands of work activity during the period at issue.

(A.R. 28, 30).

Plaintiff's reliance on Ms. VanSetters' February 11, 2003 "assessment" (A.R. 1041) is misplaced. The statement, "He has suffered from severe depression for approximately five years," appearing in the fifth paragraph of this document, is not a diagnosis by Ms. VanSetters, but was merely her recording of a history proffered by plaintiff, her new client. In the last paragraph of the "psychosocial history" portion of the assessment (A.R. 1042), Ms. VanSetters noted that plaintiff had not received any type of counseling prior to February of 2003. Ms. VanSetters carefully and repeatedly limited her assessment to evaluating plaintiff's condition as of "2/11/2003." (A.R. 1042, 1043). Ms. VanSetters never purported to assess plaintiff's mental condition during the relevant time period from April 27, 2001 through September 30, 2001. Documents generated after expiration of plaintiff's disability insured status are "minimally probative" and are considered only to the extent that they illuminate a claimant's health before the expiration of his insured status. *Jones v. Commissioner of Social Security*, No. 96-2173, 1997 WL 413641, at * 1 (6th Cir. July 17, 1997); *see Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Sisterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Strong v. Social Security Admin.*, No. 02-5604, 2004 WL 232242, at * 4 (6th Cir. Feb. 3, 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value."). The only illumination provided by VanSetters' assessment is the *absence* of any need for psychological counseling during the relevant time period. Furthermore, the administrative record spans 1171 pages. It is well established that the ALJ's opinion need not need not discuss every item of evidence. *See Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *see also Baranich v. Barnhart*, No. 04-3461, 2005 WL 894363, at * 6 (6th Cir. Apr. 19, 2005) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not

considered."); *Thacker v. Commissioner*, No. 02-6138, 2004 WL 1153680, at * 3 (6th Cir. May 21, 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). The ALJ's failure to specifically discuss Ms. VanSetters' February 11, 2003 assessment is inconsequential.

Although the record in this case is voluminous, it does not contain any medical records for the period from April 27, 2001 through September 30, 2001. (*See* Plf. Reply Brief at 1, docket # 12). It is noteworthy that plaintiff's initial brief (docket # 9 at 7) begins its discussion of plaintiff's medical evidence with records dated February 13, 2002, long after plaintiff's disability insured status had expired. The ALJ observed that even taking into account a broader period before plaintiff's onset of disability, there was very little objective medical evidence submitted by plaintiff in support of his disability claim:

> [T]he only evidence contained within the record dated on or before September 30, 2001 is a report of a magnetic resonance imaging (MRI) scan of the plaintiff's lumbar spine performed on February 5, 1999, one treatment note from C. Bartman, M.D., dated January 25, 2000, and some treatment notes from M. Gostine, M.D., who treated the claimant at a pain clinic on six occasions between February and August 2000.

The ALJ carefully addressed the results of plaintiff's February 5, 1999 MRI: "The MRI scan performed in February 1999 [A.R. 958] was interpreted as showing degenerative changes at the claimant's L2-3 intervertebral disc space without evidence of subluxation, herniation, spinal canal stenosis, or nerve root impingement. The changes were assessed to be mildly progressive compared to the last study performed in February 1997." (A.R. 29).

Plaintiff now contends that the Commissioner's decision should be reversed because the ALJ failed to specifically discuss the results of plaintiff's February 20, 2003 cervical spine MRI. (A.R. 995-96). This MRI did not purport to evaluate plaintiff's condition on any date other than

February 20, 2003. On February 20, 2003, a radiologist observed that plaintiff's vertebral bodies were aligned without compression fractures. He found evidence of evidence of disc herniation at three cervical levels on the left side. On February 27, 2003, Thomas V. Billisco, M.D., indicated that the previous week's MRI might help explain some of plaintiff's headache complaints, and referred plaintiff to a neurosurgeon. On April 18, 2003, John, F. Keller, M.D., found that the February 20, 2003 MRI of the cervical spine "demonstrate[ed] areas of small disc protrusion along the left side at C4-5, 5-6, and C6-7." Upon examination, Dr. Keller found that plaintiff was alert and oriented. Plaintiff's cranial nerves were intact. Plaintiff's motor strength was 5/5 and his reflexes were "+1 throughout." Plaintiff did not display any clonus and he was "intact to light touch, pinprick, and position sense." Plaintiff did not have any palpation trigger points. Dr. Keller determined that as of April 18, 2003, plaintiff's condition did not warrant surgical intervention. (A.R. 1004).[1] While plaintiff's February 20, 2003 MRI and subsequent treatment he received as a result of that MRI are probative of plaintiff's condition in early 2003, plaintiff did not present any evidence establishing that plaintiff suffered from any cervical spine impairment during the relevant time period. Plaintiff's

---

[1]Plaintiff's brief informs the court that almost a year later, on February 16, 2004, Dr. Keller did perform an "anterior cervical diskectomy with iliac crest allograft, arthrodesis, and Atlantis plate stabilization, C5-C6." (Plf. Brief at 9-10 and attached Exhibits 1 and 2, docket # 9; Plf. Reply Brief at 2, docket # 12). The exhibits attached to plaintiff's brief are not part of the administrative record before the court for review. The newly proffered medical records cannot be considered by the court in determining whether the ALJ's decision finding that plaintiff was not disabled on or before September 30, 2001 is supported by substantial evidence. Where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff has not requested remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), much less carried his burden of demonstrating the exhibits attached to his brief are "new" and "material," and that there is "good cause" for plaintiff's failure to present this evidence to the ALJ prior to his decision. *See Cline*, 96 F.3d at 148; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Capell v. Commissioner*, No. 03-6425, 2004 WL 1277030, at * 2 (6th Cir. June 8, 2004).

reply brief states, "It seems reasonable to assume that the findings on the February 20, 2003 cervical spine MRI pre-exist[] that date." (Reply Brief at 1, docket # 12). Plaintiff's counsel's assumption is not evidence of plaintiff's medical condition during the relevant time period. I find that plaintiff's argument based on the February 20, 2003 MRI does not provide any basis for disturbing the Commissioner's decision.

**2.**

Plaintiff's remaining argument is that the ALJ committed error in his credibility determination, when the ALJ found that "the objective medical evidence did not support Mr. Carpenter's allegation of inability to perform sustained work activity on or before September 30, 2001. (¶ II, Statement of Errors, docket # 9). Plaintiff contends that the February 20, 2003 cervical MRI "substantiate[s] his complaints of disabling headaches and neck pain." (Plf. Brief at 14). While the MRI provides some objective evidence that would support claims of back and neck pain on and after February 20, 2003,[2] it does not provide objective evidence for the closed period in question. The scope of the court's review of the Commissioner's administrative decision is quire narrow. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *see also Kuhn v. Commissioner*, No. 03-2608, 2005 WL 513488, at * 3 (6th Cir. Mar. 3, 2005); *Essary v. Commissioner*, No. 03-6233, 2004 WL 2452596, at * 2 ("[C]redibility determinations are the province of the Commissioner, not the reviewing court."). Here, the ALJ

---

[2] If plaintiff believes that his condition has deteriorated since the date of the ALJ's decision, he "has available the option of filing a new claim [for SSI benefits] based on a different period of disability than the one considered here." *Jones v. Commissioner*, 336 F.3d at 478.

found that plaintiff's subjective complaints of disabling subjective symptoms were not fully credible. The ALJ's discussion regarding plaintiff's credibility need not be repeated herein, but is incorporated by reference. (A.R. 28-31). Upon review, I find that the ALJ's credibility determination is supported by more than substantial evidence.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: May 20, 2005          /s/ Joseph G. Scoville
                             United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).