UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT CARPENTER,

    Plaintiff,

v.

    File No. 1:04-CV-258

    HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**O P I N I O N**

    The matter before the Court is Plaintiff Scott Carpenter's ("Carpenter") objections to Magistrate Judge Scoville's Report and Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner of Social Security's decision to deny Carpenter disability insurance benefits ("DIB").

    The Court reviews de novo any specific written objections made by any party to a Magistrate Judge's dispositive report and recommendation. *See* FED. R. CIV. P. 72(b)(l); *United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).

**I.**

    Carpenter contends the Commissioner's decision should be reversed based upon medical evidence from 2003. Carpenter argues the cervical spine MRI test results explain his neck pain and migraine headaches and the lumber spine MRI test results explain his back

pain for the relevant time period. Also, Carpenter argues his psychological assessment conducted by Ms. VanSetters shows he was depressed. The Magistrate Judge correctly determined that Carpenter's arguments provide no basis for the Court to disturb the Commissioner's decision because the evidence submitted by Carpenter does not establish his disability in the relevant time from April 27, 2001, through September 30, 2001.

Carpenter has the burden of showing his disability arose after the date of his last unsuccessful claim for DIB and before the termination of his insured status. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). Consequently, evidence and arguments made by Carpenter must pertain to the closed period between April 27, 2001, through September 30, 2001.

The Magistrate Judge properly determined that the cervical spine MRI test results do not indicate Carpenter's health status for the relevant time period. The MRI results, performed on February 20, 2003, showed disc herniation at levels C3-C4, C4-C5, and C6-C7 on his left side. (A.R. 995). Follow-up exams, however, determined that surgical intervention was not necessary at that time. (A.R. 1004). These results do not mention when the disc herniation occurred or whether it was present in the relevant time period. As the Magistrate Judge pointed out, the MRI results described Carpenter's health in February 2003, but not for the relevant time period in 2001.

The test results from the lumbar spine MRI, performed on March 29, 2003, also fail to inform the Court about Carpenter's disability during the relevant time period. Although

the results indicated mass degenerative changes involving the L2-3 disc space, "there [had] been no significant interval change since the exam of 02/05/99." (A.R. 1050). The Commissioner was aware of the 1999 exam. This lack of significant change in Carpenter's lumbar spine indicate no reason to remand the case as the evidence was already present. In addition, to the extent there was some change, the lumbar spine MRI results indicated Carpenter's health in March of 2003, not for the relevant period.

Finally, the Court agrees with the Magistrate Judge's reasoning that the psychological assessment conducted by Ms. VanSetters fails to show Carpenter suffered from depression from April 27, 2001 through September 30, 2001. Carpenter did not begin counseling until his session with Ms. VanSetters in February 2003, thus any psychological information during the relevant time period for this case is non-existent. (A.R. 28). Ms. VanSetters limited her assessment of Carpenter to "as of '2/11/2003.'" (A.R. 1042, 1043). Consequently, Carpenter fails to exhibit evidence of being diagnosed with depression during the relevant time period.

Applying the rule set forth in *Casey*, Carpenter has the burden of producing evidence that shows he was disabled during the relevant time period. In *Casey*, the court ruled the exhibits of the plaintiff failed to support her claim of disability for the relevant time period. *Casey*, 987 F.2d at 1233. The exhibits contained medical records before and after the relevant time period that failed to give information about the plaintiff's condition during that time period. *Id*. Similar to *Casey*, Carpenter presents test results indicating health problems. These health problems, however, do not reference the relevant time period but instead give

the condition of Carpenter's health at that moment.  The Court does not disagree with Carpenter's contention that his condition, as indicated by the test results, did not happen overnight. Nevertheless, the test results do not show when the conditions arose or that they were present during the relevant time period.  Accordingly, the Magistrate Judge correctly determined that the evidence submitted by Carpenter does not establish his disability in the relevant time and thus do not compel the Court to disturb the Commissioner's decision.

**II**.

Next, Carpenter's argument that the case should be remanded because the Administrative Law Judge ("ALJ") and the Appeals Council ignored objective evidence is without merit.

The Magistrate Judge correctly determined that the ALJ did not ignore the objective evidence presented by Carpenter.  "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Baranich v. Barnhart*, No. 04-3461, 2005 WL 894363, at * 6 (6th Cir. Apr. 19, 2005); *see also Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).  Carpenter's argument that the ALJ erred by not discussing the cervical spine MRI nor the findings of Ms. VanSetters lacks merit.  First, the administrative record has 1171 pages. To comment on every item of evidence in the record would not be beneficial to either party. Second, the ALJ did not find any objective evidence for the relevant time period in the record. The ALJ did not err by failing to discuss evidence that did not pertain to the claim.

Carpenter's argument that the Appeals Council should have remanded the case but instead ignored new medical evidence is moot because the Appeals Council denied his request for review.  When the Appeals Council denied review of the ALJ's decision, that decision became the Commissioner's final decision.  On appeal the denial of review by the Appeals Council cannot be reviewed.  *Phelps v. Secretary of Health and Human Servs.*, 961 F.2d 1578 (6th Cir. 1992).  Consequently, only the Commissioner's final decision may be reviewed under 42 U.S.C. § 405(g).

Finally, the ALJ did not commit an error in his credibility determination.  The Magistrate Judge has analyzed this issue correctly.  The objective evidence Carpenter submitted (primarily the cervical spine MRI, lumber spine MRI, and the psychological results obtained by Ms. VanSetters) simply does not provide information about Carpenter's disability status in the relevant time period.  Thus, this evidence is not material.

In conclusion, the Court agrees with the Magistrate Judge's Report and Recommendation and will adopt it as the opinion of the Court.  An order consistent with this opinion will be entered.


Date:     August 11, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE